The opinion of the Court was delivered by
Withers, J.
DeBruhl obtained a note for two thousand dollars before it was due, payable' to Haile or bearer, and on the back of it was a guaranty of payment by one Baskin, who had died before this trial. A witness was allowed to testify, that Baskin declared soon after he had parted with the note, that he sold it to DeBruhl for one thousand dollars, and divided that sum between himself and one Sargent, they being-confederated gamblers. The object of the evidence was to invalidate the note, as one originating in gambling, and therefore void in the hands of anybody.
The declarations were admitted on the ground that they proceeded from a deceased party to the note, and were against the interest of Baskin.
Baskin can hardly be considered a party to-the note; he merely assumed the obligation of guarantor, and put the evidence of that assumption on the back of the note. It need not, necessarily, have appeared there. Nor did DeBruhl derive title by such indorsement, but by delivery.
The general rules of law which sanction the admissions of a party to the record, or a party to the subject-matter of the action, or to the instrument on which it may be founded, are attended by many exceptions, which arise from an adherence to the principles that lie at the bottom of the rules. If there be not a joint interest, such as that of co-partners, or like it, among several who are parties on the same side to a record, what one may do, in the way of admission by word or act, *366 will not conclude the others. “Thus, (says Greenleaf, Ev. 1, sec. 174) in an action against joint makers of a note, if one suffers judgment by default, his signature must still be proved against the other.”
Again: Though if the declarant be the only party in interest, his admissions will be effectual agaiust him for so much as they import, yet if he make them after other persons have acquired separate rights in the same subject-matter, they will not be received to disparage the title set up by those other persons. Such rule of evidence applies to the case of admissions, made before or after rights have arisen in other persons, by bankrupts, indorser and indorsee, vendor, and vendee, &c. Admissions are made, in such and the like cases, on the footing of identity of interest, and the admissibility is limited by that consideration.
Accordingly, the admissions of the assignor of a personal contract or chattel, while he remained the sole proprietor, and where the assignee must recover through the assignor’s title, succeeding to it as it stood at the-time of the transfer, are admissible against the assignee. Identity of interest is the ground of the rule. The identity of interest will be deemed to exist — 1, where the assignee is mere agent or representative of assignor: 2, where the assignee has actual notice of the qualification of title made by the 'admissions of him who transfers it; and 3, where the assignee purchases a demand, stale and infected by circumstances of suspicion. Thus, the declarations of the former holder of a note, while he held it, negotiated before maturity, importing that it was given without consideration, are not admissible against the indorsee; for, (as was said in Barough vs. White, 10 Eng. C. L. 345,) “the right of a person, holding by a good title, is not to be cut down by the acknowledgment of a former holder that he had no title.” Otherwise it would be if the admission related to a note dishonored before it was negotiated.
As touching the distinction taken between the case of Bas *367 kin being dead and alive, it is enough to remark that such admissions as we have been considering, are, if received, held to be original evidence; and as to the admissibility of that kind of evidence, it makes no difference whether the party making it be dead or alive. The question, in such case, is, Did he make the admission ? not whether it be true; for it may be controverted by other evidence.
Although it was not the interest of Baskin to disclose that which would defeat a recovery against Patterson, since his negotiation of the note by guaranty made him insure its genuineness and (it is presumed) its validity, he being liable, at the least, on his guaranty for the consideration he received, yet we see his declarations are not attended by several circumstances necessary to make them admissible. We do not admit the declarations of a vendor with warranty, whether of realty or personalty, in derogation of his vendee’s title, or in contradiction of his deed, when made after he has parted with the possession.
A motion for a new trial is, therefore, grapted.
O’Neall, Wardlaw, Whitner, Glover and Munro, JJ., concurred.

Motion granted.